IN THE UNITED STATES DISTRICT COURT
WESTERN DIVISION OF ARKANSAS
FORT SMITH DIVISION

STEVEN E. FLYNN PLAINTIFF

V. NO. 10-2156

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Steven E. Flynn, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I. Procedural Background:**

Plaintiff filed his current applications for DIB and SSI on April 7, 2008, alleging an inability to work since October 1, 2007, due to back and mental problems. (Tr. 123-127, 159, 164). An administrative hearing was held on July 23, 2009, at which Plaintiff appeared with counsel, and he and his brother testified. (Tr. 40-78).

By written decision dated January 22, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - disorder of the back and intermittent explosive disorder. (Tr. 91). However, after reviewing all of the



AO72A
(Rev. 8/82)

evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 91). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> lift and carry 20 pounds occasionally and 10 pounds frequently. The claimant can sit for about six hours during an eight-hour workday and stand and walk for about six hours during an eight-hour workday. The claimant can occasionally climb, balance, stoop, kneel, crouch, and crawl. The claimant must avoid concentrated exposure to dusts, fumes, gases, odors, and poor ventilation. The claimant can understand, remember, and carry out simple, routine, and repetitive tasks and can respond appropriately to supervisors and usual work situations; and he can have occasional contact with co-workers and cannot have contact with the general public.

(Tr. 93). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff could perform such jobs as hand packager, meat processor, and mail clerk. (Tr. 97).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on September 22, 2010. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II. Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir.



AO72A
(Rev. 8/82)

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or



AO72A
(Rev. 8/82)

mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**III. Discussion:**

Plaintiff raises the following arguments on appeal: 1) The ALJ did not accord appropriate weight to certain medical opinions; 2) The ALJ erred as it relates to RFC; 3) The ALJ erred as it relates to "severe findings; and 4) The ALJ erred as to credibility findings.

**A. RFC Findings and Weight Given to Physician's Opinions:**

The Court will address the first two arguments together. RFC is the most a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own description of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d



AO72A
(Rev. 8/82)

642, 646 (8th Cir. 2003). "The ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In this case, the ALJ thoroughly discussed the opinions of the treating, examining and non-examining physicians, and explained why he gave certain opinions greater weight. He carefully reviewed Plaintiff's surgical history as well as his various treatments and diagnoses. (Tr. 93-96). He discussed the Medical Source Statement completed by Dr. Ronald V. Myers, one of Plaintiff's treating physicians, dated March 24, 2009. (Tr. 387-389). The ALJ noted that Dr. Myers saw Plaintiff four times between May 2008 and September 2008, and did not see him thereafter until he completed his Medical Source Statement in 2009. (Tr. 94). The ALJ concluded that it appeared Dr. Myers's opinion was based on Plaintiff's subjective complaints of pain rather than on objective testing which would support his opinions regarding Plaintiff's limitations. The ALJ also discussed the opinion submitted by Dr. Van Hoang in his General Physical Examination dated June 30, 2008. Dr. Hoang concluded that Plaintiff had: normal range of motion in his extremities and 0-60 degree range of motion in his lumbar spine; no muscle weakness, atrophy; or sensory abnormalities; and normal gait/coordination. (Tr. 330-331). Dr. Hoang found that Plaintiff could stand/walk without assistive devices, could walk on his heel and toes, and could squat/arise from a squatting position. (Tr. 331). Dr. Hoang diagnosed Plaintiff with mild mental retardation with illiteracy; chronic low back pain post laminectormy (lumbar); and psychotic disorder. (Tr. 332). Dr. Hoang then added the following remark: "Severe mental and physical limitation for work." (Tr. 332).

The ALJ addressed Dr. Hoang's opinion as follows:

> However, Dr. Hoang's opinion is not fully supported by the results of his



AO72A
(Rev. 8/82)

> evaluation. Dr. Hoang found that the claimant had normal range of motion in his shoulder, elbows, wrists, hands, hips, knees, ankles, cervical spine, and lumbar spine (exhibit C7F). The claimant in Dr. Hoang's examination had 100% grip strength and could squat and arise from a squatting position (exhibit C7F). Such findings are inconsistent with a finding of "severe" physical limitations, and they diminish the weight given to the testimony from the claimant and his brother regarding the claimant's inability to perform work-like activities.

(Tr. 94). In addition, the ALJ concluded that Dr. Hoang's diagnosis of psychotic disorder should be given little weight, and great weight to Dr. Robert L. Spray, Jr.'s report dated June 23, 2008. (Tr. 96).

On June 13, 2008, x-rays of Plaintiff's lumbar spine revealed that the lumbar vertebral body heights and alignment were normal, there was mild narrowing of the L5-S1 interspace, and no spondylolisthesis was evident. (Tr. 326).

On July 11, 2008, non-examining physician Dr. Ronald Crow, completed a Physical RFC Assessment, finding that Plaintiff was capable of performing medium work, and no other limitations were established. (Tr. 355-362). On September 22, 2008, Lucy Sauer affirmed this assessment. (Tr. 385).

The Eighth Circuit has held that a treating physician's opinion is given controlling weight if it "'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [a claimant's] case record.'" Halverson v. Astrue, 600 F.3d 922, 929 (8th Cir. 2010) (citations omitted). "When a treating physician's opinions 'are inconsistent or contrary to the medical evidence as a whole, they are entitled to less weight.'" Id. at 930 .(citation omitted).

The Court finds that with respect to Plaintiff's physical limitations, based upon the record



AO72A
(Rev. 8/82)

as a whole, there is substantial evidence to support the weight given by the ALJ to the various medical opinions.

With regard to Plaintiff's mental limitations, the ALJ gave greater weight to the assessment of Dr. Spray dated June 23, 2008. (Tr. 315-319). Dr. Spray did not find any evidence of psychosis (Tr. 318), and diagnosed Plaintiff as follows:

| | |
|---|---|
| Axis I: | Intermittent Explosive Disorder |
| Axis II: | Antisocial Personality Disorder with narcissistic and paranoid features, severe |
| Axis V: | 45-50. |

(Tr. 318). Dr. Spray noted that Plaintiff's concentration was good during the exam, but that he was not likely to attend and concentrate on tasks that he felt he was unable to do or did not want to do; that he would not persist with tasks that he did not want to do or that required him to consistently follow orders of others; and that he would have difficulty completing tasks in a timely manner when he felt that there was an interpersonal issue involved or when he did not want to do the task. (Tr. 319). The ALJ concluded that his RFC took into account the testimony and report from Dr. Spray by finding that Plaintiff could understand, remember, and carry out simple, routine, and repetitive tasks, respond appropriately to supervisors and usual work situations, and have occasional contact with co-workers, but not with the general public. (Tr. 95). He also found that Dr. Spray's report was not inconsistent with the testimony that was offered by Plaintiff and his brother. (Tr. 95).

On July 16, 2008, a Mental RFC Assessment was completed by non-examining consultant Jerry R. Henderson. (Tr. 337-339). Dr. Henderson found that Plaintiff was able to perform work where interpersonal contact was incidental to work performed, e.g. assembly work,



AO72A
(Rev. 8/82)

where complexity of tasks was learned and performed by rote, with few variables, little judgment, and where supervision required was simple, direct and concrete. (Tr. 339). In his Psychiatric Review Technique form dated July 16, 2008, Dr. Henderson concluded that Plaintiff had a moderate degree of limitation in difficulties in maintaining social functioning and concentration, persistence or pace, a mild degree of limitation in restriction of activities of daily living, and no episodes of decompensation. (Tr. 351). Dr. Henderson also noted:

> It is noteworthy that the claimant did not describe remarkable behavioral problems or adjustment issues while previously incarcerated. Also the behavior presented during the mental status exam contrasted sharply with the description of the claimant during a face-to-face at the D.O.'s office in which the claimant was described as very nice and soft spoken with no mental limitations noted. It would appear that the claimant can exhibit control over hostile type behaviors so motivated. Overall MER would suggest the claimant retains the capacity for basic work in an environment where interpersonal contact is only incidental.

(Tr. 353). On September 19, 2008, Kay M. Gale affirmed the July 16, 2008 assessment as written. (Tr. 382).

Based upon the total record, the Court finds there is substantial evidence to support the weight the ALJ gave to the medical opinions regarding Plaintiff's mental limitations, as well as physical limitations, and to support the ALJ's RFC findings.

**B. Severe Impairments:**

An impairment is severe within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. § § 1520(a)(4)ii), 416.920(a)(4)(ii). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. §



AO72A
(Rev. 8/82)

§ 404.1521, 416.921. The Supreme Court has adopted a "de minimis standard" with regard to the severity standard. Hudson v. Bowen, 870 F.2d 1392, 1395 (8th Cri. 1989).

Plaintiff argues that the ALJ failed to address the issue of "personality disorder." However, as noted by Defendant, the ALJ determined at step-two that Plaintiff's severe impairments consisted of disorder of the back, and intermittent explosive disorder.

The ALJ found that Plaintiff's mental impairment did not meet or medically equal the criteria of listing 12.08, which is entitled "Personality Disorders." (Tr. 92). 20 C.F.R. Part 404, Subpt. P, App. 1. The Court finds that Plaintiff's argument that the ALJ failed to address the issue of personality disorder is without merit, and that there is substantial evidence to support the ALJ's severe impairment findings.

**C. Credibility Findings:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints, including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In the present case, the ALJ found that Plaintiff's medically determinable impairments



AO72A
(Rev. 8/82)

could reasonably be expected to cause the alleged symptoms. However, the ALJ found that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with his RFC assessment. (Tr. 93-94). The ALJ noted that while Plaintiff had undergone surgery for a herniated nucleus pulposus, he also returned to work during certain times in 2007 and 2008, and Plaintiff was not given any particular limitations on his ability to perform basic work activities.

In an April 15, 2008 Function Report-Adult, Plaintiff reported that he was homeless, and fed and walked his pets daily. (Tr. 175-176). He reported that his mother and sister or girlfriend did his laundry, that he shopped for groceries, and visited friends and family members. (Tr. 177-179). He reported that he did not get along with authority figures and had been fired for not getting along with other people.

In a June 9, 2008 report from Stephen D. Chiouoloni, LMSW, it was reported that Plaintiff presented in a calm manner, appeared in good spirits and his thoughts were well directed. (Tr. 369). Mr. Chiouoloni reported that Plaintiff dropped out of treatment after one individual therapeutic session. (Tr. 376).

Plaintiff testified at the hearing that he did not have any health insurance or money. However, Plaintiff testified that he smoked two packs of Black Mouse (like a cigar). In addition, there is no evidence that Plaintiff was ever denied treatment for financial reasons. When asked what he believed to be his biggest problem that prevented him from working, Plaintiff stated that it was his "ability to comprehend, move fast enough for them." (Tr. 71).

With respect to Plaintiff's allegations regarding his mental impairment, the Court believes that the ALJ's RFC takes into account the testimony presented at the hearing, as well



AO72A
(Rev. 8/82)

as the report from Dr. Spray, by finding that Plaintiff can understand, remember, and carry out simple, routine, and repetitive tasks, respond appropriately to supervisors and usual work situations, and have occasional contact with coworkers, but not with the general public.

Based upon the record as a whole, as well as Defendant's well-reasoned brief, the Court finds there is substantial evidence to support the ALJ's credibility findings.

**IV. Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is affirmed. The Court further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 18th day of December, 2012.

/s/ *Erin L. Setser*

HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE



AO72A
(Rev. 8/82)